IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                 PLAINTIFF

V.                                             CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA, et al.                                       DEFENDANTS

## ORDER

After being advised that the parties had reached a settlement resolving all claims asserted by the Plaintiff in this action, on November 22, 2019, this Court entered an Order [55] closing the case and dismissing all claims *without prejudice*. In the Order [55], the Court specifically retained jurisdiction to reopen the case in the event that the settlement was not completed.

On December 10, 2019, the Plaintiff filed a Motion to Reopen the Case [56] on the basis that the parties' settlement was not completed. The Defendants thereafter filed a Motion to Enforce Settlement [58]. After the Plaintiff retained new counsel, Magistrate Judge Sanders held a hearing on both Motions [56, 58] on August 6, 2020. Magistrate Judge Sanders then entered a Report and Recommendation [85] on August 10, 2020. In the Report and Recommendation [85], Magistrate Judge Sanders recommended that the Plaintiff's Motion [56] be granted and the Defendants' Motion [58] be denied. Magistrate Judge Sanders recommended that the case be reopened.

On September 4, 2020, the Defendants filed an Objection [99] to the Report and Recommendation, arguing that the parties entered into a binding settlement agreement. The Defendants contend that the agreement should be enforced and that the case should not be placed back on the Court's active docket.

*Standard of Review*

When a party files an objection to a Magistrate Judge's Report and Recommendation, the Court applies a *de novo* standard of review. *Ross v. Epps*, 2015 WL 5772196 at *1 (N.D. Miss. Sept. 30, 2015) (citing 28 U.S.C. § 636(b)(1)); *see also Wright v. Jackson Rental Properties, Inc.*, 2018 WL 287865 (N.D. Miss. Jan. 4, 2018) (applying *de novo* standard in this context). "The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge[.]" *Saulsberry v. Astrue*, 2013 WL 5349147 at *1 (N.D. Miss. Sept. 23, 2013) (citing *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993)).

*Analysis and Discussion*

In their Objection [99], the Defendants assert that the Magistrate Judge incorrectly held that the settlement of the federal action was contingent upon the settlement of the Plaintiff's workers' compensation claim. The Defendants specifically state that "[n]othing in the email exchanges between counsel says anything about 'contingencies' or 'preconditions.' The Magistrate Judge did not conclude otherwise but nonetheless found a contingency to be implied based on an appeal to supposed 'common sense' and his familiarity with Goree's former counsel, Victor Fleitas. . . This type of analysis was inappropriate because the only thing that should have guided the Magistrate Judge's inquiry was whether the correspondence between the parties was ambiguous on the question of whether a contingency existed." [100]. In summary, the Defendants assert that "[t]he bottom line is that courts are not supposed to read unexpressed contingencies into settlements." *Id*.

The Court will not reiterate all findings and conclusions set forth by Magistrate Judge Sanders in the Report and Recommendations. *See Saulsbery*, 2013 WL 5349147 at *1. However, the Court does specifically find, despite the Defendants' assertions otherwise, that Magistrate

Judge Sanders correctly applied the applicable law in this case. In the Court's view, the Defendants, through their present argument, seek to enforce a settlement which they know was never intended by the Plaintiff. The Court declines to adopt such a harsh result. The Magistrate Judge's Report and Recommendation [85] will be adopted in full.

*Conclusion*

The Defendants' Objection [99] is OVERRULED. The Magistrate Judge's Report and Recommendation is ACCEPTED and ADOPTED IN FULL. The Plaintiff's Motion to Reopen Case [56] is GRANTED, and the Defendants' Motion to Enforce Settlement [58] is DENIED. The Clerk of Court is directed to remove the access restriction which was previously placed on the Report and Recommendation [85]. The case shall be reinstated on the active docket.

SO ORDERED, this the 25th day of September, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE