IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA, et al.                                                                          DEFENDANTS

## ORDER

Now before the Court is the Defendants' Motion Seeking Certification for Interlocutory Appeal [101]. In the Motion [101], the Defendants, pursuant to 28 U.S.C. § 1292, request that they be permitted to appeal this Court's decision to reopen the case and not enforce the parties' settlement agreement. The Plaintiff opposes the request. The Motion [101] is ripe for review.[1]

In pertinent part, 28 U.S.C. § 1292 provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "The legislative history of 28 U.S.C. § 1292(b) indicates that an interlocutory appeal is to be used only in extraordinary cases where a decision on interlocutory appeal may avoid protracted and expensive litigation, but is not intended merely to provide review of difficult rulings in hard cases." *LaFarge v. Kyker*, 2009 WL 4110887 at *1 (N.D. Miss. Nov. 23, 2009) (citing *U.S. ex rel. Hollander v. Clay*, 420 F. Supp. 853 (D.D.C. 1976)). Furthermore, this Court has previously noted that "it is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the

---

[1] Although the Motion [101] was filed prior to this Court's adoption of the Report and Recommendation, since the Court has now adopted the Report and Recommendation in full, the Motion is properly before the Court.

ruling would prompt the granting of the certificate." *Id*. (citing S. Rep. No. 2434, 85th Cong. 2nd sess., 1958 U.S. Code Cong. & Ad. News, pp. 5255, 5260).

Against this background, the Defendants assert that the Section 1292 requirements are satisfied because the enforceability of the settlement is a "controlling question of law, since this cause will be over if it is determined that Plaintiff Goree may not renege on the settlement of this federal case by failing to present her workers' compensation case to the commission for approval." [101, p. 1-2]. The Defendants contend that there is a substantial ground for difference of opinion because they have cited case law indicating that the settlement should be enforced. Finally, they assert that they would be forced to participate in expensive litigation, prior to being able to seek appellate review, if the settlement is not enforced.

The Court finds the Defendants' arguments well-taken. It is undeniably true that, if the settlement agreement is found to be enforceable, this litigation would be terminated. Thus, an immediate appeal may materially advance the termination of the litigation. Furthermore, this dispute involves a controlling question of law—particularly, the enforceability of a settlement agreement under these unique facts. Finally, the Court finds that there is a substantial ground for difference of opinion on the application of the law under these circumstances, as is illustrated by the various issues raised by the parties in their briefing.

Ultimately, the Court finds that the Defendants should be permitted to pursue an interlocutory appeal under 28 U.S.C. § 1292. The Defendants' request for certification pursuant to 28 U.S.C. § 1292 is therefore GRANTED. If the Defendants do not file their Notice of Appeal prior to the applicable deadline, they shall contact the Chambers of the Magistrate Judge assigned to this case within seven (7) days of the passage of the deadline. The Magistrate Judge will reset all applicable deadlines associated with this litigation at that time.

SO ORDERED, this the 13th day of October, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE