IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                         PLAINTIFF

V.                                              CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA, et al.                                                 DEFENDANTS

ORDER

Now before the Court is the Defendants' Motion *in Limine* [148]. Although it is only one filing, the Motion [148] includes eleven different requests for exclusion of evidence. Having reviewed the parties' arguments, as well as the relevant authorities, the Court is prepared to rule.

*Applicable Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted)). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291m at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted). "Motions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *Id*. (quoting *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008)).

*Analysis and Discussion*

As noted above, the Defendants' Motion [148] includes eleven different requests. The Court will address each request in turn.

*Motion in Limine Number 1*:

The Defendants first assert that "Plaintiff should not be allowed to offer evidence on time barred and/or unexhausted claims and theories." [149] at p. 2. The Defendants contend that "[f]or the reasons set forth in Municipal Defendants' summary judgment motion on pages 5 through 8 (Doc. 114), Plaintiff cannot establish a continuing violation under Title VII. Accordingly, she should be precluded from introducing any allegation, claim, or theory of harassment or retaliation that occurred before March 27, 2016, which is 180 days before the filing of her EEOC Charge on September 23, 2016." *Id*.

For the sake of clarity, the Court notes that the Defendants filed the present Motion [148] prior to the Court's entry of its Order and Memorandum Opinion [159] on their Motion for Summary Judgment [113]. In its Order and Memorandum Opinion [159], the Court rejected the Defendants' contentions as to the continuing violation theory, specifically finding that the continuing violation theory does apply and extends back to the commencement of Long's tenure as Chief in July 2015 (but no further).

It therefore appears that the Court's ruling has resolved this request. However, to the extent that further arguments associated with this issue arise, the Court will address them at trial. The request is DENIED.

*Motion in Limine Number 2*:

The Defendants next seek exclusion of recorded audio files. In particular, the Defendants assert that they "expect that Plaintiff may attempt to introduce at trial a number of recorded audio

2

files between Plaintiff and certain City employees and/or officials[.]" [149] at p. 3. The Defendants contend that the recordings constitute inadmissible hearsay, that they contain irrelevant material, and that, even if relevant to some degree, they "risk exposing the City and Long to unfair prejudice[.]" *Id*. at p. 3-5. Goree opposes this request.

Although the parties make general arguments regarding the admissibility of audio recordings, the Court has not been provided a copy of the recordings and thus has not had the opportunity to review their contents. Consequently, the Court cannot properly and fully analyze their potential admissibility. To the extent that Goree seeks to introduce an audio recording at trial and the Defendants pose an objection, the Court will take up the matter at that time. The request is therefore DENIED *without prejudice*.

*Motion in Limine Number 3*:

In their third request, the Defendants aver that "Plaintiff should not be allowed to introduce evidence of petty annoyances or grievances that fall outside the scope of her EEOC charge and/or Complaint." [149] at p. 7. The Defendants point to case law for the proposition that "petty slights, minor annoyances, and simple lack of good manners are not actionable retaliatory conduct." *Id*. (citations omitted).

The Court finds that this request constitutes the type of evidence that should not be considered at the *in limine* stage. The Court is unaware of the exact evidence which Goree may attempt to introduce. *See Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (noting that the purpose of a motion *in limine* is "to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine.") (emphasis in original). Although cognizant of the Defendants' argument, in the Court's view, rulings on these types of matters

3

should be deferred to trial "so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera*, 2008 WL 2966006 at *1). The request is DENIED *without prejudice.*

*Motion in Limine Number 4*:

The Defendants argue that "Plaintiff should not be allowed to testify about her speculative belief that JB Long tried to have her murdered." [149] at p. 8. To support their contention that such testimony is solely based on speculation, the Defendants point to Goree's deposition testimony:

> Q.     Okay. Were there any other — aside from what you just told me about J.B. Long and Mayor Trice trying to get you terminated in June or July of 2016, after January 28, 2016, were there any other instances of retaliation by J.B. Long against you?
>
> A.     Yes, sir. He was talking to a lady, and she was accused of a murder. She was on a murder. And he told this lady, he said, "I'm so sick of Officer Goree." The lady said, "I can have her taken care of. I'm already down for one murder." And he told the lady, "Do what you got to do."
>
> Q.     Did you hear him say that?
>
> A.     I did not hear him say that, but I had two ladies to tell me, and they signed an affidavit, which was given to Sheriff Jim Johnson.

[148], Ex. C at p. 111-112. The Defendants assert that "[s]uch inflammatory testimony is not based on personal knowledge but, instead, entirely on inadmissible hearsay that is unduly prejudicial." [149] at p. 9.

Although she appears to pose opposition to the request, Goree's response does not specifically address the Defendants' arguments. For example, Goree states that she "intends to bring forth at trial evidence that Defendant Long, willfully, intentionally or with a reckless disregard for the safety of the Plaintiff, did not go to the 'call' on February 27, 2017, purposely

putting the Plaintiff in harms way. The Plaintiff also intends on calling witnesses who will testify that Defendant Long made open threats to the life of the Plaintiff. . . Of course speculation will not be permitted . . ." [154] at p. 5-6.

While Goree makes clear that she intends to seek introduction of evidence related to Long's alleged wrongful conduct and disregard for her safety, she does not specifically rebut the Defendants' contentions related to her lack of personal knowledge as to whether Long attempted to have her murdered. The Defendants' request did not concern such other evidence but, rather, specifically sought to preclude Goree from testifying about her "speculative belief that JB Long tried to have her murdered." [149] at p. 8.

Goree has provided no evidence that she had personal knowledge of the same. Likewise, she has not argued that such testimony would not constitute hearsay or that it would otherwise be admissible as a hearsay exception. The request is GRANTED. Goree shall not be permitted to testify on this topic.

*Motion in Limine Number 5*:

In their fifth request, the Defendants argue that Goree "should not be allowed to put on 'me-too' evidence." [149] at p. 9. In particular, the Defendants point to Goree's allegations in her deposition that Anthony Anderson, during his tenure as Chief, sent explicit photographs and made sexual remarks to Sabrina Cox, another female employee. Although the exact date of this alleged conduct is unclear, it is clear that it allegedly occurred during Anderson's tenure as Chief, which spanned from January 2011 through November 2014. The Defendants contend that this evidence is inadmissible because Goree never saw the photo or heard the alleged statements. Additionally, they aver that the alleged conduct involves a different supervisor and subordinate employee,

5

rendering the conduct irrelevant. Furthermore, they contend that, even if the Court does find the conduct relevant, the prejudice it would cause far exceeds any probative value.

In response, Goree avers that she "intends to bring forth the nature of the alleged misconduct and how, if at all, the Defendants addressed it." [154] at p. 6. She further contends that the City did not take sufficient steps to prevent Goree from being harassed and that this evidence supports that contention.

The Court recognizes the Defendants' arguments—particularly the issues associated with the time this alleged conduct occurred and that the individuals involved in that matter differed from the parties to this lawsuit; however, at this stage, the Court cannot find that such evidence is clearly inadmissible on all potential grounds. *See Harkness*, 2015 WL 631512 at *1 (quoting *Fair*, 2011 WL 830291 at *1) ("Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds."). Instead, the Court finds that it would be more appropriate to address this issue at trial, if it arises, so that questions of relevancy and potential prejudice can be resolved in proper context. *See King*, 2017 WL 532284 at *1 (citations omitted). The request is therefore DENIED *without prejudice*.

*Motion in Limine Number 6*:

The Defendants next assert that Goree should be precluded from referencing "any of the settlement offers, discussions, hearings, motions, or negotiations that have taken place to date in this case or the workers' compensation proceeding." [149] at p. 10. The Defendants rely on Rule 408 of the Federal Rules of Evidence for this request. Goree admits that Rule 408 bars such evidence. The Court agrees. The request is therefore GRANTED.

*Motion in Limine Number 7*:

In their seventh request, the Defendants state that Goree "should not be permitted to suggest

to the jury a specific amount of damages." [149] at p. 10. On this point, the Defendants argue:

> The Federal Rules require that plaintiffs itemize the dollar value of
> her damages during the discovery period. *See* Fed. R. Civ. P.
> 26(a)(1)(A)(iii) (requiring "a computation of each category of
> damages claimed by the disclosing party"). Plaintiff did not itemize
> her purported damages in her written discovery responses despite a
> specific request to do so. Because Plaintiff did not assign a specific
> amount of money to her alleged injuries during the discovery period,
> a specific enumeration is inappropriate at trial.

[149] at p. 10-11.

The written discovery response to which the Defendants refer for this contention is set forth

below:

> INTERROGATORY NO. 7:  Please itemize any and all damages to
> which you contend you are entitled by virtue of the allegations raised
> in the Complaint, including documentation of how you arrived at
> your damages claims, the specific calculations demonstrating why
> you are entitled to this amount, identification of all documents you
> contend support your claim for damages, and identification of all
> witnesses believed to have information or knowledge concerning
> your claim for damages.
>
> RESPONSE:  Ms. Goree contends she is entitled to lost wages for
> missed additional work and overtime work as a result of retaliation
> by the Defendant J.B. Long. Ms. Goree is unaware of the amount of
> such work she was denied at present. Ms. Goree claims
> compensatory damages for emotional distress, mental anguish,
> humiliation, fear, anxiety, and depression, in an amount to be
> determined by the trier of fact. Ms. Goree also claims damages for
> doctors' visits and medications attributable to the Defendants sexual
> discrimination and retaliation. Ms. Goree is unaware of the amount
> of such medical bills at present.

[148], Ex. D. at p. 2-3.

In response, Goree notes that the written discovery response put the Defendants on notice

of the damages which she sought. She then makes other contentions related to damages in general

and that the awarding of the same is within the province of the jury. She finally asserts that the Defendants "will not suffer any undue prejudice by Plaintiff being allowed to move forward with her damages." [154] at p. 10.

In their Reply Memorandum [157], the Defendants emphasize that Goree did not address their specific argument, noting that "[n]othing in Plaintiff's response changes the fact that she should not be allowed to *suggest any specific amount of damages to the jury*." [157] at p. 10 (emphasis added).

Relatively recently, the District Court for the Eastern District of Louisiana held that when a plaintiff did not give a specific damages figure at any point during discovery, she could "still introduce evidence of her emotional distress, mental anguish, and medical damages," but she "may not suggest to the jury a *specific amount of damages*." *Garcia v. Green*, 2019 WL 8972808, at *4 (E.D. La. Jan. 11, 2019) (citing *EEOC v. Serv. Temps, Inc.*, 2010 WL 1644909, at *7 (N.D. Tex. Apr. 22, 2010); *see also Hovanec v. Miller*, 331 F.R.D. 624, 637 (W.D. Tex. July 22, 2019) (quoting *EEOC v. General Motors Corp.*, 2009 WL 910812, at *2 (S.D. Miss. Apr. 1, 2019)) ("[C]ourts have not required a Rule 26 computation regarding the amount of emotional distress-related compensatory damages claimed in cases in which the plaintiff does not intend to suggest an amount to the jury. In other words, if the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26.").

In light of these authorities, along with the fact that Goree has not provided any opposition to the Defendants' specific request, the request is hereby GRANTED. Goree shall still be permitted to introduce proof in support of damages, but she shall not be permitted to suggest a specific amount of damages to the jury.

*Motion in Limine Number 8*:

The Defendants' eighth request concerns Goree's ability to seek economic damages. Specifically, the Defendants assert that "Plaintiff may not offer any evidence or reference economic damages she allegedly incurred after the February 27, 2017 assault, as any such damages were undisputedly caused by the intervening assault and are the subject of a separate workers compensation proceeding. Her prior counsel, Victor Fleitas, Esq., stipulated to this at her deposition." [149] at p. 11. The Defendants argue that because Goree's counsel made such a representation at the deposition and counsel is presumed to have authority to speak on a client's behalf, Goree cannot seek economic damages allegedly incurred after February 27, 2017.

The Defendants rely on the following portion of Goree's deposition for their contention on this issue:

> Q.    All right. Victor and I talked off the record, and I think we've agreed we can stipulate that plaintiff is not making a lost wage claim in the case.
>
> MR. FLEITAS: That's correct. The wages that we seek are based on hours lost during her employment due to retaliatory act – alleged retaliatory act.
>
> MR. MARSH: Okay. That would have all occurred prior to February 27, 2017, correct?
>
> MR. FLEITAS: Yeah, of course, because it couldn't have happened afterwards, as a practical matter.
>
> MR. MARSH: Yeah. Right.

[148], Ex. C at p. 188-89.

Having reviewed the actual comments from the deposition, the Court finds that the stipulation can be more specifically characterized as a stipulation that Goree will not seek lost wages subsequent to February 27, 2017. The transcript does not reflect any further stipulation by

counsel, and the Court will go no further than the parties' stipulation. To the extent that the Defendants seek to preclude any claim for lost wages after February 27, 2017 based upon counsel's stipulation, the request is GRANTED. The request is DENIED as to any further relief.

*Motion in Limine Number 9*:

Next, the Defendants contend that Goree "should not be allowed to seek damages for emotional distress incurred after February 27, 2017." [149] at p. 12. The Defendants contend that such damages are "the subject of a separate workers compensation proceeding." [149] at p. 12. In essence, the Defendants take the position that any damages that were caused by Sylvester Sykes' assault of Goree on February 27, 2017 should be excluded. Goree responds by contending that the Defendants played a role in the February 27, 2017 assault and that they therefore should not be permitted to preclude any potential recovery for the emotional distress resulting therefrom.

In analyzing this argument, the Court faces two obstacles. First, the Court is cognizant of Goree's contention that Long's conduct, at least partially, played a role in the extent of those damages. Second, the Court has not been provided sufficient proof that none of the damages she claims to have suffered after February 27, 2017 are in any way related to the hostile work environment claims. Consequently, the Court will reserve ruling on this matter until trial after it has had an opportunity to review and consider all the admissible evidence. The request is therefore DENIED *without prejudice*.

*Motion in Limine Number 10*:

The Defendants' tenth motion concerns punitive damages. Particularly, they assert that Goree "should not be allowed to seek punitive damages against JB Long." [149] at p. 13. The Defendants aver that mere proof of a constitutional violation is insufficient to support a punitive damages award, which is only appropriate "if the official conduct is 'motivated by evil intent' or

demonstrates 'reckless or callous indifference' to a person's constitutional rights." [149] at p. 14 (quoting *Fitzgerald v. Harris Cnty. Sheriffs Off.*, 2018 WL 2046969, at *3 (S.D. Tex. May 1, 2018)). The Defendants contend that Long's conduct does not reach this standard. Goree opposes the Defendants' characterization of the evidence and contends that Long's conduct is sufficiently egregious to warrant punitive damages.

The Court finds that it would be more appropriate to address this matter at trial after the presentation of all evidence. The request is therefore DENIED *without prejudice*.

*Motion in Limine Number 11*:

Finally, the Defendants contend that Goree "should be precluded from introducing evidence in support of her workers' compensation claim on grounds of estoppel and/or res judicata." [149] at p. 15. The Defendants note that, although Goree has recently tried her workers compensation case, there has not yet been an order entered on that claim. The Defendants assert that "during that trial, it is believed that [Goree] testified at length regarding the cause of her stated physical and emotional injuries at issue therein. [Goree] should be barred on grounds of judicial estoppel and/or res judicata from taking inconsistent positions in this case or seeking double recovery herein for damages obtained in the workers' compensation proceeding." *Id*. at p. 15-16. Although the Defendants make this assertion, they have not provided the Court with a copy of the transcript from the workers compensation proceeding.

On the other hand, Goree asserts that "the Defendants fail to advise the Court that the Defendant City of Verona has made it clear that any benefits or damages related to mental injuries related to the February 27, 2017 beating are being denied by the Defendant to be a part of that proceeding. The facts surrounding the February 27, 2017 incident are at issue in this case, including the part Defendant Long played in permitting the incident to occur." [154] at p. 13. Goree further

11

asserts that she "should not be allowed double recovery; however, her recovery of damages should not be denied in total either. While the Defendant had the opportunity to acknowledge the mental injuries suffered by the Plaintiff as a result of the February 27, 2017 beating, as part of the Workers Compensation proceeding, the Defendant has left the issue of mental injuries and emotional distress caused by that incident as a fact issue for this jury to determine by denying benefits for mental injuries resulting from the February 27, 2017 incident." *Id*. Finally, she contends that "[t]he Defendant should not be permitted to take inconsistent positions in these two proceedings all in an effort to deny the Plaintiff any recovery." *Id*. at 14. She contends that she currently has not received any workers compensation benefits "for the mental and emotional damages caused to her as a result of Defendant Long recklessly and maliciously allowing her to go on the 'call' without back-up[.]" *Id*.

The Court notes that the parties' contentions have convoluted this issue. They have provided the Court with competing versions of the events that occurred at the workers compensation hearing, but neither party has provided the Court with a copy of the transcript from that hearing. This certainly restricts the Court's ability to analyze this issue. The Court cannot, without more, analyze the potential admissibility of specific potential testimony. Furthermore, the Court notes that, even if such testimony is admitted, the Defendants would not be without a remedy, as they will certainly be given the opportunity at trial to cross-examine Goree on this matter. *See King*, 2017 WL 532284 at *4 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The request is DENIED *without prejudice*.

12

*Conclusion*

For the reasons set forth above, the Defendants' Motion [148] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 7th day of October, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE