IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                                       PLAINTIFF

V.                                                                              CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                                                        DEFENDANTS

JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from

all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

As the Plaintiff, Stephanie Goree has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered

in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                                  DEFENDANTS

JURY INSTRUCTION NO. 2

Stephanie Goree brought this lawsuit against the Defendants, the City of Verona and J.B. Long. Her claim against the City of Verona is brought pursuant to Title VII of the Civil Rights Act of 1964. Her claim against J.B. Long is brought pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Each claim is different, and different legal principles apply to each claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                PLAINTIFF

V.                                                   CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                 DEFENDANTS

JURY INSTRUCTION NO. 3

You may not return a verdict for Goree just because you might disagree with the City's actions or believe them to be harsh, unfair, or even arbitrary. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all – so long as the decision is not caused by unlawful discrimination. You should not second-guess the City's decisions or substitute your own judgment for the City's judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                                                  DEFENDANTS

JURY INSTRUCTION NO. 4

Stephanie Goree's Title VII claim against the City of Verona is based upon a hostile work environment. Goree claims she was subjected to a hostile work environment when she was sexually harassed and harassed based upon her gender and that her employer, the City of Verona, is responsible for the harassing conduct. The City of Verona denies the claims and contends that there was no hostile work environment.

It is unlawful for an employer to sexually harass an employee or harass an employee because of that employee's gender.

For the City of Verona to be liable for sexual harassment or harassment based on sex, Stephanie Goree must prove by a preponderance of the evidence that her supervisor, J.B. Long, engaged in sexual harassment or harassed Goree because of her sex and that the harassment was sufficiently severe or pervasive to:

    1. alter the terms or conditions of Goree's employment; and

    2. create a hostile or abusive work environment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Goree's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with Goree's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to sex, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Goree's sex may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Goree's perspective and from the perspective of a reasonable person. First, Goree must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Goree would find the conduct offensive.

If you find that Goree has proven each of the above elements, then you must find for Goree unless the City of Verona proves by a preponderance of the evidence that:

1. the City of Verona exercised reasonable care to prevent and correct promptly the harassing behavior; and

2. Goree unreasonably failed to take advantage of any preventive or corrective opportunities provided by the City of Verona or to avoid harm otherwise.

If the City of Verona proves both of these elements, you must find for the City of Verona.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                 PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                DEFENDANTS

JURY INSTRUCTION NO. 5

Stephanie Goree's Fourteenth Amendment claim against J.B. Long is also based on a hostile work environment theory. The Fourteenth Amendment's Equal Protection Clause prohibits creating a sexually hostile work environment. To prevail on her Equal Protection claim against Long, Goree must prove that Long engaged in sexual harassment or harassed Goree because of her sex and that the harassment was sufficiently severe or pervasive to:

    1. alter the terms or conditions of Goree's employment; and

    2. create a hostile or abusive work environment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Goree's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Goree's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to sex, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other

verbal or physical conduct because of Goree's sex may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Goree's perspective and from the perspective of a reasonable person. First, Goree must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Goree would find the conduct offensive.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                  PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                                     DEFENDANTS

JURY INSTRUCTION NO. 6

If Goree has proven her claims against the City of Verona and/or J.B. Long by a preponderance of the evidence, you must determine the damages to which she is entitled. You should not interpret the fact that I am giving instructions about Goree's damages as an indication in any way that I believe that Goree should, or should not, win this case. It is your task first to decide whether the City of Verona and/or J.B. Long are liable. I am instructing you on damages only so that you will have guidance in the event you decide that either Defendant is liable and that Goree is entitled to recover money from either Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                                        DEFENDANTS

JURY INSTRUCTION NO. 7

Goree must prove her damages by a preponderance of the evidence. Goree claims compensatory damages. The purpose of compensatory damages is to make Goree whole—that is, to compensate Goree for the damage that she has suffered. Compensatory damages are not limited to expenses that Goree may have incurred because of her injury. If Goree wins, she is entitled to compensatory damages that she has suffered because of the Defendants' wrongful conduct during the time period of July 2015 through February 27, 2017.

You may award compensatory damages only for injuries that Goree proves were proximately caused by the Defendants' wrongful conduct. The damages that you award must be fair compensation for all of Goree's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Goree has actually suffered or that Goree is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Goree prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence: inconvenience, mental anguish, and loss of enjoyment of life.

To recover compensatory damages for mental and emotional distress, Goree must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Goree must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

You must not consider the possibility of any lost wages after February 27, 2017.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHANIE GOREE                                                                                    PLAINTIFF

V.                                                                              CIVIL ACTION NO. 1:17-cv-93-SA-DAS

CITY OF VERONA and J.B. LONG                                                                DEFENDANTS

JURY INSTRUCTION NO. 8

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. When you go into the jury room to deliberate, you may take with you a copy of this charge and the exhibits that I have admitted into evidence. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must write down your verdict, sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.